**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | |
|---|---|
| DIANE M. RITZIE, ) | |
| ) | Case No. 4:04CV00039 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| J & J INVESTMENTS AND SALES, INC.; ) | |
| CHAMPION HOME BUILDERS CO.; ) | By: **Jackson L. Kiser** |
| JULIA JAMES and JOHN JAMES, ) | Senior United States District Judge |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Before me now is Defendant Champion Home Builders Co.'s ("Defendant") Motion for Summary Judgment as to Counts I and II of Plaintiff Diane M. Ritzie's ("Plaintiff") Complaint. The parties have briefed the issues and the motion is therefore ripe for decision. For the reasons stated herein, Defendant's Motion for Summary Judgment will be **GRANTED** and Counts I and II of Plaintiff's Complaint will be hereby **DISMISSED** with prejudice.

**I.    STATEMENT OF FACTS**

The operative facts of this case revolve around a 2001 Model 799 manufactured home made by Defendant for Plaintiff which was to be installed on Plaintiff's property in Halifax County, Virginia. More specifically, Defendant's motion is focused on the validity of its "MANUFACTURER'S ONE-YEAR MANUFACTURED HOME LIMITED WARRANTY" ("Limited Warranty") and the "Homeowner's Guide and Limited Warranty" ("Guide").

In pertinent part, Defendant's Limited Warranty warrants that Plaintiff's home "meets all standards prescribed by applicable laws and regulations concerning construction and safety in

1

effect at the time of manufacture [and] was manufactured and delivered to the Dealer free from substantial defects in material or workmanship." The warranty also provides that Plaintiff must give written notice of such defects to Defendant or its dealer - J&J Investments & Sales, Inc. ("J&J") - within one year and ten days after the warranty takes effect. Further, the warranty limits Plaintiff's remedies to repair and replacement and specifically disclaims "ANY RESPONSIBILITY FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES." *Id.* Virginia law specifically authorizes such an exclusion unless the exclusion is unconscionable. Va. Code § 8.2-719(3). The Guide defines "substantial defects" as "any factory introduced failure of the structural, mechanical, electrical, plumbing or weather-resistance systems of the home to meet the performance or specification requirements of the applicable building standards as specified on the house certification label." The Guide also specifically states that the Limited Warranty does not cover, *inter alia*, "problems resulting from improper or inadequate set-up, leveling, re-leveling, or securement;...normal wear and tear;...[and] minor or cosmetic defects." *Id.*, at 4-5. The Guide defines "minor or cosmetic defects" as "imperfections in the appearance of the house or a component of the house that do not effect [sic] the livability of the house." *Id.*, at 6. This language notwithstanding, it is Defendant's practice to repair minor or cosmetic defects that exist when the manufactured home is initially delivered so long as the purchaser provides written notice to Defendant or its dealer "within 30 days of first occupancy of the home." *Id.*

In this case, Plaintiff was provided with both the Limited Warranty and the Guide on April 12, 2001 which is the date that both parties agreed the documents would take effect. On two separate occasions within the warranty period, Plaintiff submitted lists of cosmetic and substantial defects to J&J. J&J forwarded the lists to Defendant who sent repairmen to

2

Plaintiff's home in April and May of 2001. Plaintiff was present during both visits and signed the work order acknowledging that the repairs performed were satisfactory. In February and April of 2002, Plaintiff sent written complaints to the Virginia Department of Housing and Community Development (DHCD). Defendant did not receive notice of these complaints until April 25, 2002 because DHCD initially forwarded them to an incorrect address. Plaintiff did not forward these complaints to Defendant or J&J during the warranty period. DHCD performed two on-site visits at Plaintiff's home on May 2 and May 21, 2002. After the May 2, inspection, Plaintiff submitted a document to Defendant that explained the reasons for the DHCD's visit.

In August, 2002, Plaintiff stopped making payments on her home because neither Defendant nor J&J had fixed the problems listed in her DHCD complaint. Ultimately, Columbia National, Inc. instituted foreclosure proceedings in September of 2001 and took possession of Plaintiff's home in April of 2004.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©. An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994); *Felty v.*

3

*Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987). Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

### III.  PROCEDURAL HISTORY

Plaintiff filed a nine count complaint in the United States District Court for the Middle District of North Carolina on February, 13, 2003. In addition to Defendant, Plaintiff also named Columbia National, J&J, and the principals of J&J, John James and Julia James, as defendants. On March 31, 2004, the North Carolina court dismissed Count VII of Plaintiff's Complaint and transferred the remainder of the case to this Court. On February 3, 2005, Plaintiff voluntarily dismissed her claims against Columbia National. Trial in this matter was set to begin December 5, 2005. At the pre-trial motion hearing on December 1, 2005, however, Plaintiff's attorney sought leave of this Court to withdraw from the case due to a fundamental disagreement between him and Plaintiff. I granted Plaintiff's attorney's motion to withdraw and ordered Plaintiff to either find another attorney within 30 days or proceed *pro se*. Plaintiff chose to proceed *pro se* and filed a letter and a notarized declaration in which she discussed the difficulties she had experienced, specifically, her problems with the various attorneys that she had retained to represent her in this matter. I considered both documents but they did not address the merits of Defendant's motion.

4

In a separate proceeding, Columbia National brought an unlawful detainer proceeding against Plaintiff in Halifax County General District Court after Plaintiff's home was sold at a foreclosure sale on March 11, 2003. Judgment was entered against Plaintiff in that case on December 3, 2003. Soon after, Plaintiff filed a Chapter 13 bankruptcy petition which placed a stay on Plaintiff's eviction proceedings. That stay was lifted on March 26, 2004 and the deed of trust on Plaintiff's property was finally conveyed to the Secretary of Housing and Urban Development on May 24, 2004.

## IV. DISCUSSION

Defendant's Motion for Summary Judgment is premised on the fact that the Limited Warranty and the Guide it provided to Plaintiff which limited her remedies to repair or replacement was legally binding. Thus, argues Defendant, Plaintiff cannot recover the incidental and consequential damages that she seeks. In response, Plaintiff asserts that the Limited Warranty and the Guide were unconscionable and, as such, Defendant is liable for the incidental and consequential damages that Plaintiff seeks. Moreover, Plaintiff asserts that even if the documents are not unconscionable, there is a genuine issue of material fact as to whether Defendant received notice of the complaints made to DHCD within the one year and ten day time-frame outlined in the Limited Warranty and the Guide. For the reasons that follow, I agree with Defendant's argument.

### A.  *Unconscionability*

In her brief, Plaintiff accurately recites Va. Code § 8.2-719(3) as stating that "[c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." However, the only evidence Plaintiff proffers to support applying the

5

Case 4:04-cv-00039-JLK-mfu   Document 131   Filed 02/10/06   Page 5 of 8   Pageid#: 652

unconscionability doctrine to this case is that Defendant and J&J had "all the knowledge and selected all the players, namely the banker and the attorney," when the contract was written. (Plaintiff's Brief at 6). This evidence is insufficient to support an argument of unconscionability. It is common practice for the seller to select the "players" of its choosing to write a standard form contract. In this Limited Warranty, the limitation of remedies language is given its own section at the top of the document. In addition, the language is spelled out in all capital letters and Plaintiff signed her acknowledgment of the terms of the Limited Warranty at the bottom of the same page. In short, there is no evidence to suggest that the Limited Warranty or the Guide were in any way unconscionable. I therefore hold that the Limited Warranty is valid and that no incidental or consequential damages are available in this case.

### B. *Notice to Defendant*

Having found that the Limited Warranty and the Guide are not unconscionable, I will next consider whether there is a genuine issue of material fact as to whether Defendant had notice of the defects that Plaintiff reported to DHCD within the applicable one year and ten day deadline.[1] Certainly, there is little debate that whether Defendant received notice by the deadline is a material fact, the more pertinent issue is whether there is a genuine issue as to this fact. In its brief, Defendant asserts that it did not receive any notice of Plaintiff's complaints to DHCD until April 25, 2002 - three days after the one year and ten day deadline. (Defendant's Brief at 6 and Exhibits O, P, and Q; *see also* Affidavit of Jason Norris at ¶ 21). In her response, Plaintiff

---

[1] For purposes of this opinion, taking the evidence in the light most favorable to the Plaintiff, it is assumed that all of Plaintiffs complaints to DHCD would be defined as "substantial defects" which are warranted against for one year and ten days rather than "cosmetic defects" which are warranted against for only 30 days.

6

generally realleges that there is a factual dispute as to when Defendant received notice from DHCD. This is insufficient under Fed. R. Civ. P. 56(e). To survive summary judgment, the nonmoving party must put forth some specific facts to demonstrate that there is a genuine issue to be resolved by a jury. Plaintiff has failed to rebut the evidence put forth by Defendant that Defendant did not receive notice of Plaintiff's complaints to DHCD until after the Limited Warranty expired. Thus, even if all of the complaints Plaintiff made to DHCD were substantial defects as defined by the Limited Warranty and the Guide, there is no genuine issue for a jury to resolve because Plaintiff did not act with the time frame required by these documents.

The undisputed evidence, therefore, shows that Defendant remedied all of the substantial and cosmetic defects of which it was made aware during the applicable warranty time frames. By contrast, Defendant was under no obligation to remedy the complaints that Plaintiff made to DHCD because it was not made aware of them before Plaintiff's Limited Warranty expired. There is thus no genuine issue of material fact that Defendant breached the express warranty that it made with Plaintiff. As a result, Count II of Plaintiff's Complaint must be **DISMISSED** with prejudice.

### C. *Magnusson Moss Warranty Act*

The Magnusson Moss Warranty Act ("the Act") states that "a consumer who is *damaged* by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d) (emphasis added). It goes without saying that a consumer who is not damaged has no cause of action under the Act. For the reasons discussed above, there is no evidence that Defendant breached its warranty to

7

Plaintiff. Thus, I find as a matter of law that Defendant is not liable to Plaintiff under the Act. Count I of Plaintiff's Complaint must therefore also be **DISMISSED** with prejudice.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment will be **GRANTED**. Counts I and II of Plaintiff's Complaint will be hereby **DISMISSED** with prejudice.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

Entered this 10th day of February, 2006.

s/Jackson L. Kiser<br>
Senior United States District Judge

8