# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

DIANE M. RITZIE**,**                                    )
                                                        )    Case No. 4:04CV00039
                        Plaintiff,                      )
                                                        )
v.                                                      )    **MEMORANDUM OPINION**
                                                        )
J & J INVESTMENTS AND SALES, INC.;                      )
CHAMPION HOME BUILDERS CO.;                             )    By: **Jackson L. Kiser**
JULIA JAMES, and JOHN JAMES,                            )        Senior United States District Judge
                                                        )
                        Defendants.                     )
                                                        )
                                                        )

Before me now is Defendant J&J Investment and Sales, Inc.'s ("Defendant") Motion to

Dismiss as to Count IV of Plaintiff Diane M. Ritzie's ("Plaintiff") Complaint. The parties have

briefed the issues and the motion is therefore ripe for decision. For the reasons stated herein,

Defendant's Motion to Dismiss will be **GRANTED** and Count IV of Plaintiff's Complaint will

be hereby **DISMISSED** with prejudice.

## I.      STATEMENT OF FACTS

The operative facts of this case revolve around the alleged defects to the 2001 Model 799

manufactured home sold by Defendant to Plaintiff which was to be installed on Plaintiff's

property in Halifax County, Virginia. Plaintiff and Defendant had contracted on this model

home at Defendant's place of business, but the actual manufactured home that was delivered to

Plaintiff's property contained appliances, furnishings, and other pieces that did not conform to

the featured model home that Plaintiff had toured at Defendant's place of business. In addition

to these differences, Plaintiff alleged that the home contained a number of defects that

1

substantially impaired the value of the home. Plaintiff pointed out these defects both to Defendant and to the manufacturer, Champion Home Builders Co. ("Champion"). Plaintiff brought suit after Defendant and Champion failed to address her complaints within the warranty period.

## II.    STANDARD OF REVIEW

Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (citation omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also*, *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs.*, 7 F.3d at 1134.

## III.   PROCEDURAL HISTORY

Plaintiff filed a nine count complaint in the United States District Court for the Middle District of North Carolina on February, 13, 2003. In addition to Defendant, Plaintiff also named Columbia National, Champion, and Defendant's principals, John James and Julia James, as defendants. On March 31, 2004, the North Carolina court dismissed Count VII of Plaintiff's Complaint and transferred the remainder of the case to this Court. On February 3, 2005, Plaintiff voluntarily dismissed her claims against Columbia National. Trial in this matter was set to begin December 5, 2005. At the pre-trial motion hearing on December 1, 2005, however, Plaintiff's

2

attorney sought leave of this Court to withdraw from the case due to a fundamental disagreement between him and Plaintiff. I granted Plaintiff's attorney's motion to withdraw and ordered Plaintiff to either find another attorney within 30 days or proceed *pro se*. Plaintiff chose to proceed *pro se* and filed a letter and a notarized declaration in which she discussed the difficulties she had experienced, specifically, her problems with the various attorneys that she had retained to represent her in this matter. I considered both documents but they did not address the merits of Defendant's motion.

In a separate proceeding, Columbia National brought an unlawful detainer proceeding against Plaintiff in Halifax County General District Court after Plaintiff's home was sold at a foreclosure sale on March 11, 2003. Judgment was entered against Plaintiff in that case on December 3, 2003. Soon after, Plaintiff filed a Chapter 13 bankruptcy petition which placed a stay on Plaintiff's eviction proceedings. That stay was lifted on March 26, 2004 and the deed of trust on Plaintiff's property was finally conveyed to the Secretary of Housing and Urban Development on May 24, 2004.

## IV. DISCUSSION

Count IV of Plaintiff's Complaint alleges a breach of an express warranty by Defendant in violation of Va. Code § 36-85.23. In its brief, Defendant argues that § 36-85.23 is part of a regulatory statute, § 36-85.16, *et seq*., which provides its own remedy and does not create a stand-alone cause of action. In her responsive brief, Plaintiff merely alleges that Count IV satisfies the minimal requirements of notice pleading under Fed. R. Civ. P. 8(a). For the reasons that follow, I agree with Defendant.

Virginia's Manufactured Housing Licensing and Transaction Recovery Fund Law ("the

3

Act") which is codified in Chapter 4.2, Title 36 § 36-85.16, *et seq.*, is a regulatory statute which requires, in pertinent part, that dealers of manufactured homes warrant the home itself and the set-up of the home for at least 12 months from the date of delivery. § 36-85.23. The Act provides that a recovery fund be established so that purchasers can recover against dealers who violate the Act's provisions. §§ 36-85.31 and -32. Purchasers who wish to recover damages under the Act must bring their grievance to the Virginia Manufactured Housing Board. §§ 36-85.17 and -18. The Virginia Manufactured Housing Board has the power to "receive and resolve complaints from buyers of manufactured homes and from persons in the manufactured housing industry." § 36-85.18. Thus, while the Act does not "limit any right or remedy available to the buyer through common law or under any other statute," it does not create a stand-alone cause of action for violating the Act. § 36-85.31.

In Count III of her Complaint, Plaintiff alleges a breach of an express warranty on the contract against Defendant. In Count IV of her Complaint, Plaintiff alleges that Defendant breached the express warranty that § 36-85.23 required it to make to Plaintiff. Except for this distinction, Counts III and IV allege the same facts, seek the same recovery, and are otherwise almost identical. For the reasons stated above, Plaintiff may not file a civil action for a violation of the Act; she may only raise such complaints to the Virginia Manufactured Housing Board. Similarly, even given the minimal requirements of Fed. R. Civ. P. 8(a) and the rules of law that govern a Fed. R. Civ. P. 12(b)(6) motion, I cannot construe Count IV to encompass any common law claim other than the express warranty which Plaintiff has already alleged in Count III. As a result, Count IV of Plaintiff's must be **DISMISSED** for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

4

**V.     CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**.  Count IV of Plaintiff's Complaint is hereby **DISMISSED** with prejudice.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

Entered this 10th day of February, 2006.


s/Jackson L. Kiser_____
Senior United States District Judge